IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
OKLAHOMA

| | | |
|---|---|---|
| (1)   DIPTIBEN MISTRY | ) | |
| | ) | |
|          Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. CIV-12-34-F |
| | ) | |
| (1)   CHANDRAKANT UDWADIA | ) | |
| | ) | |
| and | ) | |
| | ) | |
| (2)   NILAM UDWADIA, | ) | |
| | ) | |
| | ) | |
|          Defendants. | ) | |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

   NOW COMES the Plaintiff, by and through her undersigned counsel, and realleges and incorporates by reference each and every paragraph contained in the Complaint as if set forth fully herein.  Plaintiff replies to Defendants' Counterclaim as follows:

172. Paragraph 172 requires no affirmative response, but to the extent a response is deemed necessary Plaintiff denies paragraph 172.

173. Paragraph 173 is admitted in part.  Plaintiff is without sufficient knowledge to admit or deny the accuracy of the date.  The remaining allegations contained in paragraph 173 are admitted.

174. Paragraph 174 is admitted in part and denied in part.  Plaintiff was attending school in Udaipur, India and receiving industrial training at the Trident Hilton Hotel.  Plaintiff denies that she was attending school in Rajkot.  Plaintiff is

without knowledge to admit or deny the remaining allegations contained in paragraph 174.

175. Paragraph 175 is admitted in part and denied in part.  Plaintiff took a bus ride from Udaipur to Navsari, India, arriving on the morning of January 10, 2007.  The remaining allegations contained in paragraph 175 are denied.

176. Paragraph 176 is admitted in part and denied in part.  Plaintiff was in her third year, studying hotel duties and management, a four-year degree.  Although she was given "Allowed to Keep Term" ("ATKT") status for four of her eight second-year exams, Plaintiff was permitted to complete her third-year courses and take exams.  Plaintiff admits that she met with Himansu Udwadia ("H. Udwadia") at her uncle's home with both families there.  The remaining allegations contained in paragraph 176 are denied.

177. Paragraph 177 is admitted.

178. Paragraph 178 is admitted.

179. Paragraph 179 is admitted.

180. Paragraph 180 is admitted.

181. Paragraph 181 is admitted.

182. Paragraph 182 is admitted.

183. Paragraph 183 is admitted in part and denied in part.  Plaintiff admits receiving a wedding gift and five wedding dresses, but Plaintiff is not in possession of those items because Defendants took back the dresses and some of the gold jewelry.  Plaintiff is currently in possession of one necklace, two rings, one gold

nose ring, and one silver ankle bracelet. Plaintiff is without knowledge to either admit or deny the cost of the wedding gift.

184. Paragraph 184 is admitted.

185. Paragraph 185 is admitted in part and denied in part. Plaintiff and H. Udwadia left two or three days later, and they rented a house in Goa without reserving a room at a resort.

186. Paragraph 186 is denied.

187. Paragraph 187 is admitted in part and denied in part. Plaintiff, H. Udwadia, P. Udwadia, and Defendants traveled over a two week period to visit family members in Udwada, Pardi and Valsad after Plaintiff and H. Udwadia returned from Goa. However, H. Udwadia had already been introduced to his family members before the marriage ceremony. The remaining allegations in paragraph 187 are denied.

188. Paragraph 188 is denied.

189. Paragraph 189 is denied.

190. Paragraph 190 is admitted in part and denied in part. Plaintiff completed and signed a visa application that Defendants had begun filling out for her, but she did not do so until after February 22, 2007, at which time Plaintiff and Defendants were traveling. Defendants instructed Plaintiff to list "housewife" and "nineteen months" on the visa application. The remaining allegations in paragraph 190 are denied.

191. Paragraph 191 is admitted.

192. Paragraph 192 is denied.

193. Paragraph 193 is denied.

194. Paragraph 194 is denied.

195. Paragraph 195 is admitted in part and denied in part. Plaintiff voluntarily showed her education documents to Defendants, and the ATKT designation permitted Plaintiff to keep term as a third-year student and complete the four remaining second-year and all of her third-year final examinations simultaneously. The remaining allegations contained in paragraph 195 are denied.

196. Paragraph 196 is admitted in part. Plaintiff is without knowledge to determine the square footage of the Elk City house.

197. Paragraph 197 is admitted.

198. Paragraph 198 is admitted.

199. Paragraph 199 is denied.

200. Paragraph 200 is denied.

201. Paragraph 201 is admitted in part and denied in part. Plaintiff admits P. Udwadia was a college student, and H. Udwadia moved to Georgia in May 2007. The remaining allegations contained in paragraph 201 are denied.

202. Paragraph 202 is denied.

203. Paragraph 203 is admitted in part and denied in part. Because Plaintiff received no marital income from H. Udwadia, Defendants paid for Plaintiff's personal items. The remaining allegations contained in paragraph 203 are denied.

204. Paragraph 204 is admitted in part and denied in part.  In public, Plaintiff wore American clothes, and she dressed in traditional Indian attire at the Arkansas wedding.  However, Defendants forced Plaintiff to wear traditional Indian clothes in the home.  The remaining allegations contained in paragraph 204 are denied.

205. Paragraph 205 is admitted in part and denied in part.  Plaintiff, not Defendant Nilam Udwadia ("N. Udwadia"), fed Shadow.  The remaining allegations contained in paragraph 205 are admitted.

206. Paragraph 206 is denied.

207. Paragraph 207 is admitted in part and denied in part.  Plaintiff admits that H. Udwadia was conscientious about what he ate.  The remaining allegations contained in paragraph 207 are denied.

208. Paragraph 208 is admitted in part and denied in part.  Plaintiff denies that it was impossible to determine which security pad had been used to turn off the alarm.  Defendant Chandrakant Udwadia's ("C. Udwadia") security pad had additional features, not included in the other two security pads, and his pad could identify which pad turned off the alarm.  The remaining allegations contained in paragraph 208 are admitted.

209. Paragraph 209 is admitted.

210. Paragraph 210 is admitted.

211. Plaintiff is without knowledge to either admit or deny paragraph 211.

212. Plaintiff is without knowledge to either admit or deny paragraph 212.

213. Paragraph 213 is denied.

214. Paragraph 214 is admitted in part and denied in part. Plaintiff admits the Elk City house had cable, Internet, and phone. Plaintiff's parents called Plaintiff approximately once a week. Plaintiff is without knowledge to either admit or deny the phone package plan. The remaining allegations contained in paragraph 214 are denied.

215. Paragraph 215 is denied.

216. Paragraph 216 is denied.

217. Paragraph 217 is denied.

218. Paragraph 218 is admitted in part and denied in part. Plaintiff admits that H. Udwadia was 25 years old at this time. Although H. Udwadia received a position in Georgia as an accountant, he failed the CPA exam. Plaintiff is without knowledge to either admit or deny allegations contained in paragraph 218.

219. Paragraph 219 is admitted in part and denied in part. Defendants assisted Plaintiff when moving to Georgia, but Plaintiff moved on November 19, 2007. Plaintiff is without knowledge to either admit or deny the remaining allegations contained in paragraph 219.

220. Paragraph 220 is admitted in part and denied in part. To the extent Defendants suggest that Plaintiff would not have been permitted to reside with H. Udwadia, Plaintiff denies this allegation. Defendant C. Udwadia's friend, Jack Mistry (no

relation), suggested that Plaintiff join H. Udwadia at his home. The remaining allegations contained in paragraph 220 are admitted.

221. Paragraph 221 is denied.

222. Paragraph 222 is admitted in part and denied in part. Sometimes Plaintiff saw H. Udwadia once a month, other times once every two or three months.

223. Paragraph 223 is admitted.

224. Paragraph 224 is admitted.

225. Paragraph 225 is admitted in part and denied in part. Plaintiff denies that H. Udwadia accompanied her to the dentist; Defendant C. Udwadia and his friend took Plaintiff to the dentist. Plaintiff denies that Defendant C. Udwadia waited for her in the waiting room; Defendant C. Udwadia came with Plaintiff inside the dentist's examination room. The dentist told Defendant C. Udwadia he was unable to numb Plaintiff's tooth, and Defendant C. Udwadia instructed the dentist to simply pull the tooth. The remaining allegations contained in paragraph 225 are admitted.

226. Paragraph 226 is admitted.

227. Paragraph 227 is admitted.

228. Paragraph 228 is denied.

229. Paragraph 229 is admitted in part and denied in part. Plaintiff, Defendants, Prasad Udwadia ("P. Udwadia"), and H. Udwadia stayed in a motel room. The remaining allegations contained in paragraph 229 are admitted.

230. Paragraph 230 is admitted in part and denied in part.  Plaintiff denies that she, Defendant N. Udwadia, P. Udwadia, and H. Udwadia remained in Niagara Falls for three to five days; they remained in Niagara falls for two to three days.  The remaining allegations contained in paragraph 230 are admitted.

231. Paragraph 231 is admitted in part and denied in part.  Defendant C. Udwadia and H. Udwadia left for Georgia on May 17, 2007.  Plaintiff, Defendant N. Udwadia, and P. Udwadia traveled to Georgia later, arriving in Jonesboro, GA on June 28, 2007 and remaining there for only two to three days.  Plaintiff admits that the family celebrated Defendants' wedding anniversary during this visit.

232. Paragraph 232 is admitted in part and denied in part.  H. Udwadia flew to Oklahoma.  The remaining allegations contained in paragraph 232 are admitted.

233. Paragraph 233 is admitted in part and denied in part.  Plaintiff, Defendants, and P. Udwadia stayed in a two-bedroom motel room.  Plaintiff stayed in the same bedroom as Defendant N. Udwadia until H. Udwadia arrived and stayed in Plaintiff's bedroom.  The remaining allegations contained in paragraph 233 are admitted.

234. Paragraph 234 is denied.

235. Paragraph 235 is admitted in part and denied in part.  Plaintiff moved to Georgia on November 19, 2007.  The remaining allegations contained in paragraph 235 are admitted.

236. Paragraph 236 is admitted.

237. Paragraph 237 is admitted in part and denied in part. H. Udwadia came home every day for lunch. The remaining allegations contained in paragraph 237 are admitted.

238. Paragraph 238 is denied.

239. Paragraph 239 is admitted.

240. Paragraph 240 is denied.

241. Paragraph 241 is admitted in part and denied in part. Plaintiff admits Defendant C. Udwadia had not yet incorporated his company when Plaintiff enrolled in booking. Plaintiff is without sufficient knowledge to either admit or deny the precise date of incorporation of Defendant C. Udwadia's company. The remaining allegations contained in paragraph 241 are denied.

242. Paragraph 242 is denied.

243. Paragraph 243 is admitted in part and denied in part. Plaintiff admits H. Udwadia did not want Plaintiff to work without a work permit. The remaining portions are denied.

244. Paragraph 244 is admitted in part and denied in part. Plaintiff admits she worked at Dairy Queen part-time. The remaining allegations contained in paragraph 243 are denied.

245. Paragraph 245 is denied.

246. Paragraph 246 is admitted.

247. Paragraph 247 is denied.

248. Paragraph 248 is admitted in part and denied in part. H. Udwadia paid for Plaintiff's plane ticket to India. The remaining allegations contained in paragraph 248 are denied.

249. Paragraph 249 is denied.

250. Paragraph 250 is admitted in part and denied in part. Plaintiff admits Defendants helped Plaintiff pack her bags. The remaining allegations contained in paragraph 250 are denied.

251. Paragraph 251 is admitted in part and denied in part. Plaintiff admits Defendants, H. Udwadia, and P. Udwadia drove her to the airport. However, H. Udwadia, not Defendant N. Udwadia, gave Plaintiff $1,000. The remaining allegations contained in paragraph 251 are denied.

252. Paragraph 252 is admitted in part and denied in part. Plaintiff admits H. Udwadia called Plaintiff's father so that her father would pick up Plaintiff from the airport in India. The remaining allegations contained in paragraph 252 are denied.

253. Paragraph 253 is denied.

254. Paragraph 254 is denied.

255. Paragraph 255 is admitted in part and denied in part. Plaintiff did attempt to contact H. Udwadia while she was in India. The remaining allegations contained in paragraph 255 are admitted.

256. Plaintiff is without knowledge to either admit or deny the allegations contained in paragraph 256.

257. Plaintiff is without sufficient knowledge to either admit or deny Paragraph 257.

258. Paragraph 258 is admitted in part and denied in part. Plaintiff denies that Defendants never made threats of divorce. The remaining allegations contained in paragraph 258 are admitted.

259. Paragraph 259 is admitted in part and denied in part. Although couples may divorce in India, divorce is rare and carries a social stigma on the family and on the divorcee.

260. Paragraph 260 is admitted in part and denied in part. Plaintiff is re-married. The remaining allegations contained in paragraph 260 are denied.

261. Paragraph 261 is admitted.

262. Paragraph 262 is admitted.

263. Paragraph 263 is admitted.

264. Paragraph 264 is admitted.

265. Paragraph 265 is admitted in part and denied in part. Plaintiff's Complaint alleges Defendants controlled her daily activities in Georgia. The remaining allegations contained in paragraph 265 are denied.

266. Paragraph 266 is denied.

267. Paragraph 267 requires no affirmative response, but to the extent a response is deemed necessary Plaintiff denies paragraph 267.

268. Paragraph 268 is admitted.

269. Paragraph 269 is denied.

270. Paragraph 270 is denied.

271. Paragraph 271 is a conclusion of law and requires no affirmative response, but to the extent a response is deemed necessary Plaintiff denies paragraph 271.

272. Paragraph 272 is admitted in part and denied in part. H. Udwadia is not a named Defendant. The remaining allegations contained in paragraph 272 are denied.

273. Paragraph 273 requires no affirmative response, but to the extent a response is deemed necessary Plaintiff denies paragraph 273.

274. Paragraph 274 requires no affirmative response, but to the extent a response is deemed necessary Plaintiff denies paragraph 274.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendants' Counterclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Defendants' Counterclaim is barred because Defendants knowingly and willfully trafficked Plaintiff for the purpose of forced labor, as alleged in the Complaint, in violation of 18 U.S.C. §§ 1589, 1590, 1595; 28 U.S.C. § 1350; 21 Okla. Stat. § 748.2; and the law of nations.

### Third Affirmative Defense

The Defendants' Counterclaim is barred, in whole or in part, by the doctrine of unclean hands. Defendants knowingly and willfully trafficked Plaintiff for the purpose of forced labor, as alleged in the Complaint, and Defendants have failed to allege any facts

that support their purported claims or defenses. Therefore, any equitable claims or defenses asserted by Defendants are barred.

### Fourth Affirmative Defense

The Defendants' Counterclaim is barred, in whole or in part, by the doctrine of equitable estoppel. Defendants knowingly and willfully misrepresented material facts regarding the terms of marriage and H. Udwadia's employment that Plaintiff relied upon to her detriment.

### Fifth Affirmative Defense

The Defendants' Counterclaim is barred, in whole or in part, by Defendants' fraudulent behavior and misrepresentations.

### Sixth Affirmative Defense

The Defendants' Counterclaim is an act of retaliation designed to intimidate the Plaintiff, and therefore constitutes an abuse of process.

### Seventh Affirmative Defense

The Defendants' Counterclaim is barred, in whole or in part, by Defendants' failure to mitigate any damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Diptiben Mistry, respectfully prays for the following relief:

a. Judgment dismissing Defendants' Counterclaim in its entirety, with prejudice;

b. Payment of reasonable attorneys' fees, costs, and expenses; and

c. Such other relief as the Court may deem just and proper.

Respectfully submitted this 26th day of March 2012 by:

            *S/Amy Sherry Fischer*
            Amy Sherry Fischer
            Bar Number: 16651
            Foliart, Huff, Ottaway& Bottom
            201 Robert S. Kerr Avenue, 12th Floor
            Oklahoma City, Oklahoma 73102
            Telephone: (405) 232-4633
            Facsimile: (405) 232-3462
            E-mail: amyfischer@oklahomacounsel.com

            ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

☐ I hereby certify that on this 26th day of March, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Chelsea C. Smith
Peter L. Scimeca
W. David Pardue
Andrews Davis
100 North Broadway, Suite 3300
Oklahoma City, OK 73102
  Attorneys for Defendants

            *S/Amy Sherry Fischer*
            Amy Sherry Fischer