# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DIPTIBEN MISTRY | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. CIV-12-34-F |
| (1) CHANDRAKANT UDWADIA | ) | |
| and | ) | |
| (2) NILAM UDWADIA, | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:   April 3, 2012

Appearing for Plaintiff:   Larry Ottaway, Lynsay Gott

Appearing for Defendant:   Peter Scimeca, Chelsea Smith, W. David Pardue

**Jury Trial Demanded** ☒  -  **Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    a. Plaintiff's Position:

    Plaintiff Diptiben Mistry has brought claims against Defendants Chandrakant and Nilam Udwadia for human trafficking for the purpose of forced labor.  Plaintiff is seeking compensation and redress for Defendants' actions, which include physical and psychological abuse, threats of further abuse, and threats of divorce and return to India, in order to keep Plaintiff in involuntary servitude.  Plaintiff claims that Defendants fraudulently induced Plaintiff to marry their son, Himansu Udwadia, by misrepresenting the terms of marriage and transported Plaintiff to and within the United States so that Plaintiff would provide domestic labor for them.  Defendants controlled every aspect of Plaintiff's life and forced Plaintiff to become entirely dependent on them to maintain this

control.  By misrepresenting the terms of marriage to Defendants' son and subjecting Plaintiff to forced labor in the United States, Defendants committed human trafficking in violation of international, federal, and state laws.  As a result, Plaintiff is seeking compensatory and punitive damages, equitable relief, and any other damages deemed appropriate by this Court.

   b. Defendants' Position:

Plaintiff and Himansu Udwadia met, wed, lived as husband and wife for a time, and divorced in a little over a year.  Defendants are Himansu Udwadia's parents.  The allegations of human trafficking and forced labor against Defendants are Plaintiff's fabrications or delusions.

2.    **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

It is the Plaintiff's position that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has federal question jurisdiction under the Trafficking Victims Protection Act (TVPA), pursuant to 18 U.S.C. § 1595(a), and under the Alien Tort Statute, 28 U.S.C. § 1350.  The Court has supplemental jurisdiction over Plaintiff's Oklahoma state law claim for human trafficking pursuant to 28 U.S.C. § 1367 and pendent jurisdiction, as the state claim arises out of the same series of events from which the federal claims arise.  The venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of events giving rise to Plaintiff's claims occurred in Elk City, Oklahoma in the Western District of Oklahoma.

Defendants' position is that federal question jurisdiction does not exist for two reasons.  First, Plaintiff's first and second causes of action based on 18 U.S.C. §1590 require as a jurisdictional prerequisite a federal criminal conviction for human trafficking.  Second, Plaintiff's fourth and fifth causes of action arising out of the Alien Tort Statute, 28 U.S.C. §1350, require the acts and omissions of Defendants to have been committed outside of the United States.  There is a split of authority on both of the above propositions above and the Tenth Circuit has not ruled on the issue.

Defendants deny diversity jurisdiction exists between the parties.  First, Defendants do not know where Plaintiff is currently residing.  Further and most importantly, Defendants believe parties must be United States citizens to come within the purview of the diversity statute.  Plaintiff and Defendants are not United States citizens.

Lastly, the determination of all jurisdictional questions are fact intensive and will require discovery.

3.  **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

Plaintiff and Defendants stipulate to the following facts:

   a. Plaintiff is a 24-year-old citizen of India.

   b. Plaintiff and Himansu Udwadia were married on February 3, 2007 in India. The marriage was registered with the Registrar of Marriage on the same day.

   c. Plaintiff resided in Elk City, Oklahoma from April 2007 to November 2007.

   d. Plaintiff moved to Douglasville, GA in November 2007.

   e. Plaintiff flew home to India in March 2008.

   f. Plaintiff did not pay for her plane ticket to India in March of 2008.

   g. Plaintiff and Himansu Udwadia were divorced in October 2008.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a.  Plaintiff:

Plaintiff brings claims for relief against Defendants Chandrakant Udwadia and Nilam Udwadia for human trafficking for the purpose of forced labor under the Trafficking Victims Protection Act, 18 U.S.C. § 1595.   Plaintiff alleges Defendants subjected Plaintiff to forced labor in violation of 18 U.S.C. § 1589 by knowingly obtaining Plaintiff's labor and services through a scheme, plan and pattern intended to make Plaintiff think she would suffer serious harm if she did not perform this labor, and by subjecting Plaintiff to physical and psychological violence, threats of serious harm, and threatened abuse of legal process. Defendants threatened violence, forcible return to India and divorce to prevent Plaintiff's escape.

In addition, Plaintiff alleges Defendants engaged in human trafficking of Plaintiff for the purpose of forced labor in violation of 18 U.S.C. § 1590, and 21 Okla. Stat. § 748.2 by knowingly recruiting, obtaining, harboring, and transporting Plaintiff from India to and within the United States in order to subject her to forced labor.

Plaintiff alleges Defendants engaged in involuntary servitude and forced labor in

violation of the Law of Nations, as expressed in multilateral treaties, international and domestic judicial decisions, and other international instruments, such as the Convention Concerning Forced or Compulsory Labor, May 1, 1932, 39 U.N.T.S. 55.  The Court has jurisdiction over this claim pursuant to the Alien Tort Statute, 28 U.S.C. § 1350. Defendants manipulated legal documents, committed acts of psychological coercion and physical abuse, and threatened abuse of law in violation of the Law of Nations and treaties of the United States.

Plaintiff further alleges Defendants engaged in human trafficking in violation of the Law of Nations, actionable under the Alien Tort Statute, in particular The Protocol to Prevent, Suppress, and Punish Trafficking in Persons, Especially Women and Children, Supplementing the United Nations Convention Against Organized Crime, Nov. 15, 2003, 55 U.N. GAOR Supp. (No. 49) at 60, U.N. Doc. A/45/49 (Vol. I) (2001) 40 I.L.M. 335. Defendants recruited, transported, and harbored Plaintiff through threats of force, coercion, fraud, deception, and abuse of power in order to obtain Plaintiff's forced labor or services.

As a result, Plaintiff prays for judgment against Defendants and relief in the form of compensatory and punitive damages, actual and/or statutory damages, equitable relief, reasonable attorneys' fees, costs and expenses, and other relief the Court deems appropriate for injuries sustained by Plaintiff.

    b.    <u>Defendant</u>:

Defendants bring the Oklahoma State law claim of abuse of process against Plaintiff.  They are seeking actual damages for embarrassment, emotional suffering, and loss of reputation, plus attorney fees, costs, interest, and such further relief as the court deems appropriate.  *Neil v. Pennsylvania Life Ins. Co.*, 474 P.2d 961, 965 (Okla. 1970).

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

        ☐ Yes    ☐ No   ☒ Unknown

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Plaintiff and Defendants anticipate filing motions to dismiss, summary judgment and Daubert motions.  There are no motions pending at this time.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☑ Yes    ☐ No
If "no," by what date will they be made? _____

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>March 16, 2012</u>.

   B. The parties will try to complete discovery within <u>six (6)</u> months. However, this case involves witnesses and documents in Canada, India, Arkansas, Michigan, Georgia, Florida, Ohio, and Oklahoma. It is unclear which witnesses will need to be deposed at this time. Defendants advise the court that a Motion for Extension of Scheduling Deadlines is likely.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Six (6) months</u>.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      ☑ Yes ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      ☑ Yes ☐ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
      _____

   F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

   Counsel for both parties have agreed to not produce any photographs depicting likeness of either of their clients or family of their clients to the press or include any such photos in pleadings without the exhibit being sealed. The parties intend on honoring this agreement until such time as one party requests otherwise.

9. **ESTIMATED TRIAL TIME**:  Five (5) to seven (7) days

10. **BIFURCATION REQUESTED**: ☐ Yes ☑ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good ☐ Fair ☑ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion: ☑ Yes ☐ No

    B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☑ Judicial Settlement Conference
    ☐ Other _____
    ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? ☐ Yes ☑ No

14. Type of Scheduling Order Requested. __ Standard - X Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.) See paragraph 8B above.

Submitted this 30th day of March 2012.

      *S/Amy Sherry Fischer*
      Amy Sherry Fischer
      Bar Number: 16681
      Foliart, Huff, Ottaway & Bottom
      201 Robert S. Kerr Avenue, 12th Floor
      Oklahoma City, Oklahoma 73102
      Telephone: (405) 232-4633
      Facsimile: (405) 232-3462
      E-mail: amyfischer@oklahomacounsel.com

      ATTORNEY FOR PLAINTIFF

*S/Peter L. Scimeca*
W. David Pardue
Bar Number: 6886
Peter L. Scimeca
Bar Number: 21805
Chelsea C. Smith
Bar Number: 30728
Andrews Davis
100 North Broadway, Suite 3300
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
E-mail: dpardue@andrewsdavis.com
E-mail: plscimeca@andrewsdavis.com
E-mail: ccsmith@andrewsdavis.com

ATTORNEYS FOR DEFENDANTS